UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LUBE SOTO, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | CV413-083 |
| v. ) ) | Civil Action No. _____ |
| SHIN'S CLEANERS AND SEWING ) SHOP, INC., and OK SUN ) CREAMER, ) ) | |
| Defendants. ) ) | |

## COMPLAINT

COMES NOW the Plaintiff Lube Soto ("Soto" or "Plaintiff"), by and through undersigned counsel, and files this Complaint showing the Court as follows:

1.

Plaintiff brings this lawsuit against Defendants Shin's Cleaners and Sewing Shop, Inc. ("Shin's" or "Defendant") and individual defendant Ok Sun Creamer ("Creamer" or "Defendant") (collectively "Defendants"), to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

1

## Parties

2.

Plaintiff worked for Shin's within this county as an hourly-paid employee throughout the period beginning three years prior to the filing date of this Complaint and continuing until his employment ended on or about December 8, 2012 (the "relevant period").

3.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, Shin's is a Georgia for-profit corporation and may be served with process through its registered agent and Chief Executive Officer, OK Sun Creamer, at 857 E. G. Miles Pkwy, Hinesville, GA 31313, located within this judicial district.

4.

Creamer is a Georgia resident subject to service at Shin's principal place of business located at 857 E. G. Miles Pkwy, Hinesville, GA 31313, located within this judicial district.

5.

Plaintiff brings this action both individually, and as a collective action under 29 U.S.C. § 216(b) on behalf of Shin's current and former hourly-paid employees

who work or worked for Shin's providing services related to its laundry and/or sewing or clothing repair services during the relevant period and thereafter (collectively, the "Similarly Situated Employees"). Plaintiff attaches hereto his signed Opt-In Consent to join this collective action lawsuit pursuant to Section 216(b).

## Jurisdiction and Venue

6.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

7.

Plaintiff was employed in this judicial district, Defendants reside and do business in this judicial district, and venue is therefore proper in this Court.

8.

Plaintiff was an "employee" during his employment with Shin's as defined by the FLSA and was entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

9.

Shin's was at all times during the relevant period and thereafter an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b)&(d).

10.

Shin's was, at all times during the relevant period in this Complaint and thereafter, an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the three year period immediately preceding the filing date of this Complaint (the "relevant period")) annual gross revenues in excess of $500,000.

11.

At all times throughout the relevant period in this Complaint and thereafter, Defendant Creamer was in fact Shin's Chief Executive Officer, and was Shin's Chief Executive Officer according to Shin's last corporate filings with the Georgia Secretary State.

12.

At all times throughout the relevant period in this Complaint and thereafter, Defendant Creamer was responsible for classification of Plaintiff's overtime status and that of others similarly situated under the FLSA and for payment of Plaintiff's wages and those of others similarly situated under the FLSA, and was a corporate officer with operational control of Shin's covered enterprise, and may therefore be held liable in an individual capacity as an "employer" for Shin's failure to pay overtime compensation to Plaintiff and others similarly situated in violation of § 207 of the FLSA.

13.

Plaintiff was individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during his employment with Shin's during the relevant period.

14.

Plaintiff was covered by the maximum hours provisions of the FLSA throughout his employment with Shin's as an employee "engaged in commerce or in the production of goods for commerce" as defined by Section 7 of the FLSA.


15.

Jurisdiction and venue are proper in this Court as to all claims alleged in this Complaint.

## Facts Related To All Counts

16.

Shin's suffered or permitted Plaintiff, and the Similarly Situated Employees, to work over forty hours in a work week on one or more occasions during the relevant period and (as to others similarly situated) thereafter, but did not pay Plaintiff and the Similarly Situated Employees at time and a half their applicable regular rate as defined by the FLSA for all hours worked over forty in a work week as required by the FLSA.

17.

As illustrative but non-exhaustive examples, on one or more occasions within the relevant period and (as to others similarly situated) thereafter, Shin's did not pay Plaintiff, and did not pay the Similarly Situated Employees, for all of their hours worked (i) for hours up to forty in a work week at the contractual rate(s) established for their benefit by Shin's and the government pursuant to the Service Contract Act, inclusive of the contractual prevailing hourly wage rate and all additional cash payments referenced on paystubs as "W & T Hours," and (ii) for

hours over forty in a work week at time and a half their applicable regular rate as defined under the FLSA, i.e., the contractual rate(s) established for their benefit by Shin's and the government pursuant to the Service Contract Act, inclusive of the contractual prevailing hourly wage rate, and all additional cash payments referenced on paystubs as "W & T Hours," and all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

18.

Plaintiff was an hourly-paid, non-exempt employee under the FLSA throughout the relevant period.

19.

Defendants were aware prior to and during the relevant period that the FLSA applied to Plaintiff and the Similarly Situated Employees who worked for Shin's.

20.

Shin's contracted with the federal government to provide laundry and/or sewing or clothing repair services on one or more occasions during the relevant period.

21.

By contracting with the federal government to provide laundry and/or sewing or clothing repair services on one or more occasions during the relevant

period, Shin's was aware of its obligation to pay Plaintiff and the Similarly Situated Employees who provided services under Shin's contract(s) with the government at the prevailing wage rate required by the contract(s), and to pay overtime at time and a half the regular rate required by the FLSA.

22.

Upon information and belief, Shin's has failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff and the Similarly Situated Employees for the time period required by law.

## Count 1: FLSA

23.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

24.

Plaintiff and the Similarly Situated Employees were subjected to similar pay practices while employed at Shin's.

25.

Plaintiff and the Similarly Situated Employees were paid by the hour for their work for Shin's.

26.

Shin's classified Plaintiff and the Similarly Situated Employees as hourly paid non-exempt employees under the FLSA.

27.

Plaintiff was an hourly paid non-exempt employee under the FLSA.

28.

One or more other Shin's employees were hourly paid non-exempt employees under the FLSA who were paid under the same pay arrangement (albeit possibly at different hourly rates of pay) as Plaintiff.

29.

Despite being aware that the FLSA applied to Plaintiff and the Similarly Situated Employees, Shin's, and its corporate officer Creamer, violated and continue to willfully violate the FLSA by not paying Plaintiff or the Similarly Situated Employees overtime compensation at the rate of one and a half times their proper regular rate for all hours worked over 40 during the relevant period and (as to Similarly Situated Employees) thereafter, in addition to liquidated damages and interest for overtime not paid in each paycheck for the applicable pay period.

30.

Shin's, and its corporate officer Creamer, failed to pay Plaintiff and the Similarly Situated Employees the overtime compensation owed to them under, and in the manner required by, the FLSA for all of their hours worked over forty in a work week during the relevant period at the regular rate required under the FLSA.

31.

The violations of the FLSA by Shin's, and its corporate officer Creamer, as alleged herein were willful.

32.

Plaintiff and the Similarly Situated Employees are entitled to a judgment awarding recovery of their back overtime pay at the rate of one and a half times their applicable regular rates, in addition to an equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendants awarding the following relief:

1. Order Defendants to pay Plaintiff and the Similarly Situated Employees their unpaid back overtime pay at time-and-a-half their applicable

regular rates for all hours worked over 40 in a work week during the relevant period, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full);

2. Order Defendants to pay Plaintiff and the Similarly Situated Employees their costs and attorney's fees; and

3. Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY A JURY OF TWELVE PERSONS.

Respectfully submitted this 4th day of April, 2013.

<u>**s/ C. Andrew Head, Esq.**</u>
Georgia Bar No. 341472
Attorneys for Plaintiff
Fried & Bonder, LLC
White Provision, Ste. 305
1170 Howell Mill Rd, NW
Atlanta, Georgia 30318
(404) 995-8808
Email: ahead@friedbonder.com