UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LUBE SOTO, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 4:13-cv-00083-WTM-GRS |
| SHIN'S CLEANERS AND SEWING SHOP, INC., and OK SUN CREAMER, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**JOINT MOTION FOR STIPULATED JUDGMENT
APPROVING FLSA SETTLEMENT AGREEMENT**

Plaintiff Lube Soto ("Plaintiff" or "Soto") and Defendants Shin's Cleaners and Sewing Shop, Inc. ("Shin's") and Ok Sun Creamer ("Creamer") (collectively "Defendants") (together, the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Stipulated Judgment Approving FLSA Settlement Agreement. In support of their joint motion, the Parties state as follows:

**STATEMENT OF FACTS AND SUMMARY OF PROCEEDINGS**

Soto worked under the job titles of "Driver" and "Presser" or "Hanger" for Shin's, a commercial cleaner and sewing shop primarily servicing federal military

1

base service contracts, under the management and/or supervision of its Chief Executive Officer, individual defendant Creamer. Soto brought this individual action[1] against Shin's and Creamer seeking allegedly unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Defendants contend that they did not violate the FLSA's maximum hours provision. The Parties agreed to settle the case and now request this Court's entry of a stipulated judgment approving the settlement agreement.

A.   Pleadings and Pre-Trial Motions.

On or about April 5, 2013, Soto filed a Complaint [Dkt. 1] against Defendants alleging violations of the FLSA and seeking recovery of unpaid overtime compensation, liquidated damages, and attorney's fees and costs. The Complaint alleges that Defendants failed to compensate Soto at a rate of one and one-half his regular rate for all hours worked over forty (40) in a workweek, as required by the FLSA.

Defendants answered alleging numerous affirmative defenses, including but not limited to asserting that all or part of Plaintiff's claims are barred by the

---

[1] Soto's Complaint [Dkt. 1] alleged collective action claims, but Soto did not move for conditional certification after receiving payroll records from Defendant indicating that Soto was the only employee who was paid in cash at a different hourly rate for hours worked over 30/40 per week.

applicable statute of limitations and that even if Defendants violated the FLSA, which they denied, Defendants did not do so willfully. [Dkt. 12]

    B.    <u>Discovery</u>.

After providing Plaintiff with initial disclosures and producing payroll records reflecting payments to all hourly-paid employees for the preceding three years, Defendants alleged financial hardship and cited the company's loss of certain government contracts. Consequently, the Parties began to engage in settlement discussions. On October 10, 2013, while settlement negotiations continued, Defendants filed a consent motion to extend discovery and pending deadlines.

    C.    <u>Settlement</u>.

The parties engaged in settlement negotiations beginning with Plaintiff's demand for payment to Plaintiff in the amount of $40,445.43 for overtime back wages and liquidated damages, plus payment of an additional amount for attorney's fees and costs. Defendants countered by contending that if liability was established, Plaintiff would only be owed $1,982 for overtime back wages (due to claimed offsets for cash payments, disputes about the applicable rate of pay, exclusion from the regular rate of "W&T" payments that are required by the Service Contract Act to be paid in lieu of providing fringe benefits), plus "partial

liquidated damages," and therefore Defendant offered the full amount that it contended Plaintiff could be owed under the law of $19,000, inclusive of all damages, attorney's fees and costs. Settlement communications continued, and by November 15, 2013, the Parties ultimately reached agreement as to all material terms of settlement as set forth in the Settlement Agreement and Release (the "Agreement") attached hereto as Exhibit A. Under the Agreement, without admitting liability, Defendants agree to pay the total amount of $49,000, including payment to Soto net of attorney's fees and costs of $28,438.02 ($14,219.01 for alleged back overtime wages, and $14,219.01 for alleged liquidated damages), and payment to Soto's counsel of $19,600 for attorney's fees and $961.98 for costs. The Parties expressly agreed to jointly submit the Agreement to this Honorable Court requesting the Court's approval of settlement.

## ARGUMENT AND CITATION OF AUTHORITY

In order to have an enforceable release of FLSA claims in this Circuit, either the Court or the U.S. Department of Labor must review and approve agreements settling alleged violations of the FLSA. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (holding claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). Because the Agreement was not made under the

supervision of the Secretary of Labor, "it is valid only if the district court enter[s] a 'stipulated judgment' approving it." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013) (citing *Lynn's Food, 679 F.2d at 1352-54*). Accordingly, the Parties are submitting a copy of the Agreement for the Court's review, ratification, and entry of stipulated judgment approving it.

In order to approve a settlement of overtime claims proposed by an employer and an employee, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food*, 679 F.2d at 1355. If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

### I. APPROVAL OF PAYMENT TO PLAINTIFF

There is a strong presumption in favor of finding a settlement fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources."). In determining whether the settlement is fair, adequate, and reasonable, courts may (but are not required to)

examine the following factors that are also used in approving the settlement of class actions under Federal Rule of Civil Procedure 23:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Alabama, Nat'l Assoc.*, 18 F.3d 1527, 1530-31, n.6 (11th Cir. 1994); *Garcia v. Riccy's Landscaping Servs., Inc.*, No. 6:08-cv-706-Orl- 28GJK, 2009 WL 347418, at *2 (M.D. Fla. Feb. 11, 2009); *Hitchcock v. Orange County, Fla.*, No. 604CV1722ORL28JGG, 2006 WL 3614925, at *3 (M.D. Fla. Dec. 11, 2006).

1. The Possible Existence of Collusion.

Defendants provided Soto with his time and pay records (and those of his co-workers), and in October, 2013, without admitting liability, Defendants provided Soto with their calculations of the maximum potential overtime damages that could be owed to Soto if Defendants did not succeed on their liability and "good faith" defenses. Defendants provided this calculation of potential damages based on straight time hours worked on a cash pay basis, plus over time at one and one-half Soto's regular rate of $7.95 an hour for his work as a presser/hanger for 1173.5 overtime hours, less payments made in cash, plus partial liquidated

6

damages. Throughout this litigation, Defendants have denied that they failed to pay Soto at a rate of one and one-half his regular rate for all hours over forty (40) in a workweek, and have argued that even if they did fail to pay him overtime wages during his employment, Soto was not owed overtime wages for his work as a Driver, and Defendants would prevail on their "good faith" defense to any liquidated damages. Throughout this litigation, Soto has maintained diametrically opposing positions on each issue.

As set forth above, the Parties engaged in extensive and continued settlement negotiations throughout this litigation before ultimately reaching a settlement agreement. The final settlement amount of $49,000 net of fees and costs to be paid to Soto is 258% (more than double) of the $19,000.00 amount that Defendants contend to be the maximum possible amount that Soto could ever be awarded for all damages, fees and costs if entitled to overtime on all of his overtime hours claimed in this case, for a maximum three year recovery period with full liquidated damages. Thus, the settlement in this case is the ultimate result of arms-length negotiations by Parties who were well represented by counsel and made aware of all potential outcomes by counsel, and represents a compromise between the legal positions taken by the Parties in this litigation. The settlement is fair, the payment to Soto is equitable, and there is no evidence of collusion.

2. <u>The Complexity, Expense, and Likely Duration of the Litigation</u>.

The Agreement allows Soto to lock in a payment plan now providing for a substantial recovery, without suffering the delay and risk of litigating his claims. In this case, further litigation, including continued discovery and depositions, anticipated cross-motions for summary judgment, and potential appeals, could drag on for years and require the expenditure of a tremendous amount of resources.

3. <u>The Stage of the Proceedings and the Amount of Discovery Completed</u>.

This factor considers whether the parties have had the opportunity to fully evaluate the claims. *Carnegie v. Mut. Sav. Life Ins. Co.*, No. Civ. A. CV-99S3292NE, 2004 WL 3715446, *22 (N.D. Ala. Nov. 23, 2004); *Meyer v. Citizens and S. Nat'l Bank*, 677 F. Supp. 1196, 1209-10 (M.D. Ga. 1988) (*citing Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1149 (11th Cir. 1983)).

In this case, as summarized above, the Parties engaged in the limited discovery necessary to determine their respective arguments regarding applicable rates of pay and potential overtime award calculations. Defendants produced documents related to Soto's (and his co-workers') job duties, pay, and hours worked, as well as company policies and procedures, government service contracts and wage rate determinations, and documents related to Defendants' possible defenses to FLSA liability. Soto's counsel investigated the prevailing wage

requirements of the government contracts that Soto serviced for Defendants, and prepared for the anticipated depositions of Defendants' witnesses.  As a result of these efforts, the Parties have had sufficient information upon which to assess the potential merit of each claim, ultimate liability, and the apparent risk of proceeding to trial.

    4. <u>The Probability of Soto's Success on the Merits</u>.

Defendants asserted throughout this litigation that there was no FLSA violation, but even if Soto is owed overtime wages, he is only owed overtime wages on the hours he worked as a presser/hanger, at an hourly rate of $7.95. Conversely, Soto asserted throughout this litigation that Defendants violated the FLSA's maximum hours provision, and that he is owed overtime wages for work as a delivery driver and as a presser/hanger at the hourly rate paid by Defendants' payroll for his non-overtime hours.  The Parties therefore disagree on the probability of Soto's success on the merits both as to liability and damages.

    5. <u>The Range of Possible Recovery</u>.

"[T]here is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion."  *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

As stated above, the Parties dispute the amount of overtime hours and the calculation of damages owed on such hours to be awarded in this case if Defendants did not prevail on their defenses.  Defendants challenge the accuracy of Soto's calculations of overtime damages owed on the hours claimed in this case.

Next, regarding Soto's claim for liquidated damages in an amount equivalent to overtime damages under Section 216(b) of the FLSA, Defendants contend that this case does not support a settlement with full liquidated damages.  Soto argues that Defendants cannot clear the high hurdle required to deny him the liquidated damages to which he would be presumptively entitled under the FLSA.

As stated above, according to Defendants' calculations of maximum potential liability for damages, Soto would only be entitled to recover $19,000.00 total through the date of settlement, including all damages, liquidated damages, and attorney's fees on his FLSA claims even if Soto succeeded in overcoming Defendants' "good faith" defense.  Soto contends that his maximum possible recovery would be much higher if the jury determines that he was owed overtime wages at a rate of one and one-half his properly calculated regular rate for all hours worked over forty (40) for his time as a delivery driver and as a presser/hanger, inclusive of all additional compensation including "W&T" payments that are required by the Service Contract Act in lieu of providing fringe benefits, resulting

in calculation of FLSA damages at a much higher regular rate than Defendants' calculated rate, doubled for liquidated damages.

Thus, the range of possible recovery to Soto (inclusive of fees & costs) was zero if a jury found that Defendants did not violate the FLSA; $19,000.00 through the date of settlement if Defendants were found to have violated the FLSA but succeeded on all of their calculation arguments; and $67,900.00 if Soto succeeded on every disputed legal issue and calculation method including grossing up the amount owed to Soto to include an additional 40% attorney's fee amount. The settlement payment of $49,000.00 net to Soto is 258% of the $19,000.00 maximum possible net recovery amount that Defendants contend Soto would be entitled to recover through the date of settlement even if the jury credited every estimated overtime hour claimed in this lawsuit, for the full three-year recovery period, with full liquidated damages, and allegedly full attorney's fees and costs awarded.

6. Counsels' Opinions.

Based on what the Parties learned through discovery, from non-party investigation, and from extensive research, the Parties negotiated a fair settlement for Soto. By settling, Soto avoids the risks of not establishing liability at trial and the possibility of an adverse cost judgment under Fed. R. Civ. P. 54, avoids substantial and indefinite delay in payment involved in having to wait for trial and

any appeals, and avoids potential adverse determinations on damages such as rejection or reduction of the hours claimed, reduction of the calculation of overtime damages and/or liquidated damages arising from the number of overtime hours proven, and/or exclusion of the "W&T" fringe benefit payments from the calculation of the proper regular rate for overtime pay. Finally, Soto was only required to provide a limited scope release expressly limited to only his individual claims under the Fair Labor Standards Act for payment of hours worked and damages/fees arising therefrom up to the date of the Agreement, and received in return a mutual release from Defendants of any claims arising out of or related to Soto's claims released in the Agreement. Defendants' and Soto's counsel therefore recommended acceptance of this settlement.

## II.   APPROVAL OF PAYMENT OF ATTORNEY'S FEES

The Agreement provides that Defendants shall pay Soto's attorney's fees in the amount of $19,600 and costs in the amount of $961.98, to be approved by this Court.[2]

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fee awards are

---

[2] Soto's recoverable costs include, among other costs, the $350 filing fee and the $187.50 process server fees for service on two defendants.

therefore mandatory for prevailing plaintiffs in FLSA cases. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The Supreme Court has held that a party is a "prevailing party" for purposes of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers' Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). In the instant action, Soto stands to recover a settlement payment net of fees and costs that is well in excess of the amount to be awarded if Soto recovered the full amount of hours claimed but Defendants succeeded on their calculations, and even exceeds the amount to be awarded if Soto recovered on all hours claimed and succeeded on his calculation and regular rate arguments but Defendants succeeded on their "good faith" defense to liquidated damages. Thus, Soto has succeeded on significant claims, and Soto's counsel is therefore entitled to payment of his attorney's fees and costs in this action by Defendants in the amount stated in the Agreement.

This case was litigated as an individual overtime case rather than a collective action under the FLSA, and the Agreement specifically provides for a payment amount to Soto for his overtime and liquidated damages, and to Soto's counsel for attorney's fees and costs incurred in this action. Therefore, as a district court within this Circuit recognized in *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d

1142, 1146 (M.D. Fla. 2005), the Court is not required to determine the amount of the fee award, or to assess the reasonableness of the amount agreed upon by the Parties:

> The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

Moreover, because Defendants have agreed to and do not oppose the amount or reasonableness of the attorney's fees to be paid to Soto's counsel,[3] the Court

---

[3] (Ex. A, Agreement, Section E: ". . . Defendants do not oppose and agrees not to oppose the amount (or the reasonableness of the amount) of Soto's attorneys' fees to be paid to Soto's Counsel out of the total Settlement Payment.") *Cf., Waters v. Int'l Precious Metals Corp*., 190 F.3d 1291, 1293 n. 4 (11th Cir. 1999) (discussing "clear sailing" agreements generally). Federal courts have made clear that these "clear sailing" agreements are commonplace and proper in settling this type of case. *See, e.g*., *Malchman v. Davis*, 761 F.2d 893, 905 at n.5 (2d Cir. 1985) ("But where, as here, the amount of the fees is important to the party paying them, as well as to the attorney recipient . . . an agreement 'not to oppose' an application for fees up to a point is essential to completion of the Settlement, because the defendants want to know their total maximum exposure and the plaintiffs do not want to be sandbagged.") Further, where, as here, the total settlement payment in an individual action includes defendant's additional payment for fees and costs under 29 U.S.C. § 216, the fees and costs cannot be strictly viewed as a deduction from the plaintiff's award, as is the case in a common fund class action settlement.

need not conduct an evidentiary inquiry into the reasonableness of the hourly rate charged by Soto's counsel or the amount of the total fees incurred.  *See Dail,* 391 F. Supp. 2d at 1147 (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs.").  If, however, the Court requires a fee petition or other submission for the purposes of conducting a lodestar cross-check on the attorney's fees and costs to be paid to Soto's counsel in this settlement, Soto respectfully requests the opportunity to supplement this joint motion with the required submittal.

## CONCLUSION

For the reasons set forth above and for good cause shown, the Parties respectfully request that this Court enter the Order attached hereto as Exhibit B approving the Agreement attached hereto as Exhibit A.

Respectfully submitted this 6th day of December, 2013.

| | |
|---|---|
| *s/ C. Andrew Head* | *s/ John F. Meyers* |
| GA Bar No. 341472 | GA Bar No. 503692 |
| Attorney for Plaintiff | Attorney for Defendants |
| Fried & Bonder, LLC | BARNES & THORNBURG LLP |
| White Provision, Suite 305 | Prominence in Buckhead, Suite 1700 |
| 1170 Howell Mill Rd., NW | 3475 Piedmont Road, N.E. |

| | |
|---|---|
| Atlanta, Georgia 30318 | Atlanta, GA 30305 |
| Telephone: (404)995-8808 | Telephone: (404) 264-4017 |
| Facsimile: (404)995-8899 | Facsimile: (404) 264-4033 |
| Email: ahead@friedbonder.com | E-mail: John.Meyers@btlaw.com |

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 6th, 2013, the foregoing <u>Joint Motion for Stipulated Judgment Approving FLSA Settlement Agreement</u> was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

>C. Andrew Head
>Attorney for Plaintiff
>Fried & Bonder, LLC
>White Provision, Suite 305
>1170 Howell Mill Rd., NW
>Atlanta, Georgia 30318
>Telephone: (404)995-8808
>Facsimile: (404)995-8899
>Email: ahead@friedbonder.com

Respectfully submitted,

>*s/ John F. Meyers*
>GA Bar No. 503692
>Attorney for Defendants
>BARNES & THORNBURG LLP
>Prominence in Buckhead, Suite 1700
>3475 Piedmont Road, N.E.
>Atlanta, GA 30305
>Telephone: (404) 264-4017
>Facsimile: (404) 264-4033
>E-mail: John.Meyers@btlaw.com

ATDS01 218659v1